UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACQUELINE ESPINOZA,

                Petitioner,

   v.

H. BARRON ,

                Respondent.

Case No. 2:23-cv-00967-JHC-TLF

REPORT AND RECOMMENDATION

Noted for November 10, 2023.

    Before the Court is a federal habeas petition under 28 U.S.C. § 2241. Petitioner Jacqueline Espinoza is a federal prisoner, currently confined at the Federal Detention Center in SeaTac, Washington ("FDC SeaTac"). *See* Dkt. 1. Petitioner asserts in this action that the Federal Bureau of Prisons ("BOP") improperly determined she was ineligible for earned time credits ("ETCs") to be applied towards early release from confinement. *See id*. at 2.

    Petitioner further asserts that she is entitled to such credits under the First Step Act of 2018 ("FSA"). *See id*. at 3. Petitioner asks that the Court order the BOP to apply her ETCs towards her early release as guaranteed by the FSA. *See id.*

    Respondents assert the BOP actually has treated Petitioner as eligible for ETCs and that such credits have been applied to her sentence. *See* Dkts. 8, 9, 10.

REPORT AND RECOMMENDATION - 1

Because the relief Petitioner sought has effectively been granted, Petitioner has no injury that could be redressed by this Court and her petition is therefore moot. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

I.   BACKGROUND

On August 8, 2022, Petitioner was sentenced in the Southern District of California, under case number CR19-1244, to 37 months imprisonment for importation of methamphetamine, heroin, and fentanyl. *See* Dkt. 1 at 2. Petitioner is serving her sentence at FDC SeaTac with a projected release date, as calculated by the BOP, of April 30, 2024. *See id*.

Petitioner filed her petition for writ of habeas corpus in this Court on June 29, 2023. *See* Dkt. 1. Petitioner claims that if the BOP applied the ETCs she has earned, she would be entitled to a release date several months earlier than her currently calculated release date of April 30, 2024. *Id*. at 2. Petitioner contends the BOP determined that she would not be eligible for ETCs because she was convicted of an offense involving 40 grams or more of fentanyl. *Id*. Petitioner contends that although the FSA states that a person is not eligible to apply credits if they are serving a sentence under subparagraphs (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act, *see* 18 U.S.C. § 3632(d)(4)(D)(lxvi) -- both of which trigger mandatory minimum sentences -- there is no relevant statutory provision regarding fentanyl offenses. *See id*. at 3.

Petitioner maintains that the BOP must apply ETCs to eligible people who have earned credits and "cannot categorically make prisoners ineligible for such credits in a manner that contravenes the statutory scheme set forth in 18 U. S. C. § 3632." *Sierra v.*

REPORT AND RECOMMENDATION - 2

*Jacquez,* No. C22-1509-RSL-BAT, 2022 WL 18046701, at *4 (W.D. Wash. Dec. 27, 2022), report and recommendation adopted, No. C22-1509-RSL, 2023 WL 184225 (W.D. Wash. Jan. 13, 2023).

Respondent asserts in his response that the BOP updated Petitioner's status to reflect that she is eligible to earn ETCs. Dkt. 8; *see also* Dkt. 9 (Declaration of Teal Luthy Miller). BOP has credited Petitioner with 120 FSA credits towards her release. *See* Dkt. 10. Respondent argues that Petitioner has been afforded the relief sought by her petition and her petition is moot.

II.     DISCUSSION

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). Thus, to invoke the jurisdiction of the federal court, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). It is not enough that a dispute was alive at the time the action was filed, the parties "must continue to have a personal stake in the outcome of the lawsuit" in order to sustain the federal court's jurisdiction. *Id.* at 477-78. When the issues presented are no longer "live," or the parties lack a legally cognizable interest in the outcome, an action is moot. *Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir. 1998).

Here, the sole issue presented by Petitioner is whether the BOP properly deemed her ineligible to earn and apply ETCs to her sentence because she was convicted of an offense involving 40 grams or more of fentanyl. *See* Dkt. 1 at 2. Though that was the position originally adopted by the BOP, they have changed their stance and found

Petitioner eligible to earn and apply ETCs under the FSA. Because the relief Petitioner sought has effectively been granted, Petitioner has no injury that could be redressed by this Court and her petition is therefore moot. *See Lewis*, 494 U.S. at 477.

### III.    CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition be dismissed as moot. A proposed order accompanies this report and recommendation.

Objections to this report and recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within fourteen (14) days of the date on which this report and recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within fourteen (14) days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 10, 2023**.

Dated this 23rd day of October, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4